[Civ. No. 67155. Second Dist., Div. Six. Aug. 4, 1983.]

CITIZENS FOR OXNARD et al., Plaintiffs and Appellants, v. DOROTHY MARON et al., Defendants and Respondents.

**COUNSEL**

A. Lee Sanders for Plaintiffs and Appellants.

Graham A. Ritchie, City Attorney, and Simons, Ritchie, Segal & Stark for Defendants and Respondents.

## OPINION

**ABBE, J.**—This is an appeal from an order sustaining demurrers without leave to amend and awarding attorney's fees to defendants. This case arises out of the approval on April 7, 1981, by the City Council of the City of Oxnard acting as the governing board of the Redevelopment Agency of the City of Oxnard, of a development and disposition agreement (DDA II) for the redevelopment of a seven block area of the central part of the City of Oxnard, California. On October 27, 1981, the city council approved and certified the environmental impact report for DDA II. The defendant Dorothy Maron was a member of the city council and voted to approve both DDA II and the environmental impact report. Dorothy Maron is the wife of defendant Erwin Maron and the mother of defendant David Maron.

The day after the EIR was approved, that is on October 28, 1981, plaintiffs filed this suit pursuant to the Political Reform Act of 1974, now codified in the Government Code[1] commencing with section 81000, setting forth two causes of action. The first cause of action sought injunctive relief against defendant Dorothy Maron under section 91003 to enjoin her from violating section 87100 by participating in any decision or attempting to influence any decision of the city council regarding DDA II and the EIR because of an alleged conflict of interest. Additionally, in the first cause of action the plaintiffs requested an injunction against defendants Erwin and David Maron "from joining" with Dorothy Maron to violate section 87100 on the basis of section 91006. In the second cause of action plaintiffs sought to void the approval of the DDA II and the EIR in accordance with the provisions of section 91003, subdivision (b).

Plaintiffs allege that prior to the approval of DDA II, Erwin and David Maron participated with others in the first steps in the formation of a bank to be located across the street from the redevelopment project and that Erwin and David Maron made capital contribution to the association to form the bank, thereby creating a conflict of interest prohibiting Dorothy Maron from participating in the votes on approval of DDA II and the EIR.

On November 20, 1981, the City Council of the City of Oxnard announced that the redevelopment agency had terminated DDA II and the project was to be abandoned.

---

[1]All further references are to the Government Code.

On January 11, 1982, the demurrers of defendants Erwin and David Maron were sustained without leave to amend and they were awarded costs and attorney's fees in the sum of $2,375. On the same day the demurrer of Dorothy Maron was sustained with leave to amend. Despite the fact that DDA II had been terminated, plaintiffs filed an amended complaint on February 15, 1982, against Dorothy Maron, the City of Oxnard, the Redevelopment Agency of the City of Oxnard and the City Council of the City of Oxnard seeking the same relief as set forth in the original complaint. The public agencies sued by the plaintiffs in this action have never appeared. The demurrer of the defendant Dorothy Maron was sustained without leave to amend and she was awarded costs and attorney's fees in the sum of $6,100. She had previously assigned whatever attorney's fees she might recover to the redevelopment agency as the agency had provided her with counsel. Appellants contend the trial court erred in the award of attorney's fees, in its construction of many of the applicable code sections and in not dismissing the action as moot. We disagree with all of plaintiffs' contentions and affirm the orders sustaining demurrers without leave to amend and the awards of attorneys' fees.

■ In the action brought against the defendants Erwin and David Maron the plaintiffs alleged that these defendants "did join with defendant Dorothy Maron with regard to the violation of section 87100 and are jointly and severally responsible for said violations and are liable therefor by operation of section 91006." There are no facts alleged how or in what manner the defendants Erwin and David Maron "joined" with defendant Dorothy Maron to violate section 87100. Section 87100 provides as follows: "No public official at any level of state or local government shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to know he has a financial interest." It is not alleged in plaintiffs' complaint that the defendants Erwin and David Maron are public officials or that they participated as public officials in the making of the decisions. This section is not available to sue persons who are not public officials.

Appellants contend Government Code section 91006 provides authority for seeking an injunction against defendants Erwin and David Maron. It does not. Section 91006 provides, "[i]f two or more persons are responsible for any violation, they shall be jointly and severally liable." The "persons" referred to in that section are public officials. We know of no rule of law imposing liability on a husband and a son for the actions of their wife or mother in carrying out her duties as a public official. Had she in fact a conflict of interest, the purpose of the Political Reform Act could be achieved by the injunction issued against her from taking such action and

against the public body to enjoin the execution of an act upon which she had voted. (See §§ 87102 and 91003.)

■ In the action against Dorothy Maron, appellants allege she violated section 87103 which in part provides, "[a]n official has a financial interest in a decision within the meaning of section 87100 if it is reasonably foreseeable that the decision will have a material financial effect, distinguishable from its effect on the public generally, on: (a) any business entity in which the public official has a direct or indirect investment worth more than $1,000; . . ." Section 82005 provides as follows: " 'Business entity' means any organization or enterprise operated for profit . . . ." The first amended complaint does not allege that the bank was in fact ever organized nor does it allege any other basis for the existence of a "business entity" other than a preincorporation expense agreement which was attached as an exhibit to the complaint signed by a number of persons including the defendants Erwin and David Maron. The document attached to plaintiffs' complaint consists merely of an agreement amongst the signatories setting forth their intent to form a state banking institution and to share "preopening expenses incurred in connection with the application and organization of the proposed bank." This agreement does not constitute a "business entity . . . operated for profit" within the meaning of section 82005. The demurrer to the first amended complaint was properly sustained without leave to amend.

■ Plaintiffs brought this action under section 91003 and did not prevail. The defendants Erwin, David and Dorothy Maron were the prevailing parties and are therefore entitled to fees. A prevailing party is defined in Black's Law Dictionary, revised 5th edition (1979) at page 1069, as "[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of his original contention. . . ."

Any provision exempting a public agency from recovering fees as contained in section 91012 of the Government Code is not applicable in this case. The many public agencies named as defendants have never appeared in this action. Appellants choose to sue three individuals and one of the three both as an individual and as a public official. The award of attorney's fees of $6,100 was to the defendant Dorothy Maron and the award of attorney's fees of $2,375 was to defendants Erwin and David Maron. Dorothy Maron's assignment of attorney's fees to the redevelopment agency, the public agency that provided her with counsel, is not relevant to the issue whether she was entitled to recover such fees.

■ Plaintiffs contend that the trial court erred in not dismissing the action without prejudice for mootness at the time set for hearing the demurrer

to the first amended complaint. However, there was no such motion pending. Counsel for plaintiffs did request the court to do so at the hearing of the demurrer to the first amended complaint after indicating plaintiffs' unwillingness to do so voluntarily. As indicated, the first amended complaint asking for injunctive relief and attorney's fees was filed after the DDA II was terminated. The trial court had an obligation to rule on the sufficiency of plaintiffs' pleadings and the request for attorney's fees by both sides in the circumstances where the plaintiffs were not willing to voluntarily dismiss their action on the ground that it had become moot.

The judgments sustaining demurrers without leave to amend and awarding costs and attorneys' fees are affirmed.

Stone, P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied September 2, 1983, and appellants' petition for a hearing by the Supreme Court was denied September 29, 1983.